IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES CHAVEZ,

    Plaintiff,

v.                                                                                                        Civ. No. 14-1067 SCY

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

    Defendant.

## ORDER

THIS MATTER comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 27. Plaintiff seeks $6,792.50 in attorney's fees. The Commissioner has not filed a response in opposition and the Court will accordingly GRANT Plaintiff's motion.

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation marks omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir.

2005) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). "In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.*

As noted above, Defendant has not filed a response in opposition to Plaintiff's motion. Under the Local Rules, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). Plaintiff filed his motion on October 6, 2016 and Defendant has neither responded nor notified the Court of agreed upon extension to its response deadline as required by the Local Rules. *See id.* ("For each agreed upon extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed."). Under D.N.M.LR-Civ. 7.1(a), "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Accordingly, because Defendant has failed to file a response or put forth argument as to why its position was substantially justified, the Court grants Plaintiff's motion for EAJA fees in the amount requested.

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $6,792.50 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE